UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIE CRAWFORD,
    Plaintiff,

vs.                                                                                          07-1110

JAMES E. TUSEK, et al.
    Defendants.

### ORDER

    This cause is before the court for merit review of the plaintiff's complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A

    The plaintiff, Willie Crawford, brings this action pursuant to 42 U.S.C.§1983 against one defendant: McLean County Public Defender James Tusek.   The plaintiff states that Defendant Tusek represented him in a criminal case.  However, the plaintiff states that the defendant did not properly investigate his case and talked the plaintiff into pleading guilty to a criminal offense when the attorney did not have all the facts.  The plaintiff is asking for damages.

    The plaintiff has failed to state a claim upon which relief can be granted.  Section 1983 requires a plaintiff to show "(1) an action taken under color of law (2) which violates his federal constitutional rights." *Cunningham v. Southlake Ctr for Mental Health, Inc*, 924 F.2d 106, 107 (7th Cir. 1991)  A public defender does not act under color of state law when performing the traditional  functions of counsel to an indigent defendant in a state criminal proceeding because he is "not acting on behalf of the State, he is the State's adversary." *Polk County v. Dodson*, 454 U.S. 312, 323 n.13 (1981).

**IT IS THEREFORE ORDERED that:**

    **1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to state a claim.  The case is terminated without prejudice.**

    **2) The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.**

**3) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 9th day of May, 2007.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE